UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ISSA SECK,

                Plaintiff,                16-cv-7262 (PKC)

    -against-                MEMORANDUM
                              AND ORDER

DIPNA RX, INC. and PAATHIV SHAH,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       This case underscores the wisdom of judicial or administrative review of all settlements of claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). For reasons explained, this Court concludes that settlement of a FLSA action accomplished through a unilateral dismissal of the complaint by plaintiff is not exempt from review.

       Rule 41(a)(1)(A), Fed. R. Civ. P., permits a plaintiff to unilaterally dismiss an action without prejudice and without court approval. Plaintiff filed a "Notice of Voluntary Discontinuance Without Prejudice" before an answer or appearance was filed. (Docket # 14.) Plaintiff's "Notice" was prepared and submitted with a signature line for the Court to enter the document as an order, and the Court complied. (Docket # 15.)

       Thereafter, the plaintiff, Issa Seck, who had been represented by an attorney, Abdul K. Hassan, complained that he had not been paid monies that were promised to him in a settlement with defendants. (Docket # 16.) Because the underlying claims included one brought under FLSA, the Court gleaned from Seck's letter that this was not a true dismissal without prejudice, but a settlement with an adverse party that had not been submitted for judicial review

Mailed to Mr. Seck 5/8/2017

pursuant to Cheeks.  Within days of Seck's letter, the Court entered the following order:  "By March 28, 2017, Mr. Hassan shall disclose to the Court the amount of all fees paid to him for his services with a copy of the retainer agreement.  He shall also explain why the settlement agreement was not submitted to the Court for review and approval pursuant to Cheeks . . . .  Failure to comply will result in sanctions and disgorgement of all fees received by Mr. Hassan."  (Docket # 18.)

In response, Hassan revealed that he had negotiated a settlement with the two named defendants that fully and finally extinguished Seck's claims against them.  (Docket # 20.)  In this settlement, Hassan's payday exceeded that of his client: $12,000 would be paid to Seck and $13,000 in attorneys' fees to Hassan.  Seck's portion would be paid in installments as would Hassan's.  Hassan, who had been counsel to the losing party in Cheeks, asserted that no judicial review of the settlement was required, relying on footnote 2 of Cheeks, which left "for another day" the question of whether a "stipulation without prejudice" requires review.  796 F.3d at 201 n.2.

DISCUSSION.

Cheeks requires approval from the Department of Labor or a district court when FLSA claims are settled through a stipulation of dismissal with prejudice.  796 F.3d at 206.  The Second Circuit described the FLSA as "a uniquely protective statute," and concluded that review of settlements is a safeguard against the "disparate bargaining power between employers and employees."  Id. at 207.  Cheeks surveyed reasons that courts in this District had rejected FLSA settlements, and described "the potential for abuse in such settlements" as "underscor[ing] why judicial approval in the FLSA setting is necessary."  Id. at 206.  Possible abuses include "highly restrictive confidentiality provisions," overbroad releases that "include[] unknown claims and

claims that have no relationship whatsoever to wage-and-hour issues," attorneys' fees ranging between 40 and 43.6 percent of the total settlement payment that are unsupported by documentation, and pledges by attorneys not to represent parties in future claims against the same defendants.  Id.

A true dismissal without prejudice would permit the plaintiff to reassert his claims.  But, here, the dismissal without prejudice coupled with the terms of a settlement agreement foreclose Seck from ever asserting his FLSA claim.  The "Settlement Agreement and Release" signed by Seck contains release language that is overbroad and circular.  Paragraph 4 reads as follows:

> In return for the payments identified in paragraph 2, Plaintiff hereby unconditionally and irrevocably releases and discharges from any and all claims, actions, causes of action, rights, promises, sums of money due or liabilities that he/they asserted in this action, or could have asserted against defendants, consistent with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), as of the date of this Agreement, and covenants not to sue Defendants with respect to any such released claim.

(Docket # 20 Ex. 1.)

The public record initially presented to the Court implicitly states that Seck is free to reassert his FLSA claim, i.e. by its express terms the dismissal is without prejudice.  But in truth and in fact, under the terms of a hidden settlement agreement, Seck forever forfeited his right to reassert his FLSA claim.  Taken as a whole and in the context of Cheeks, this is deceptive conduct.  A settlement containing a release that extinguishes the right to bring a claim in the future forecloses the claim as certainly as a stipulation of dismissal with prejudice. The Court concludes that it falls within the category of settlements that require Cheeks review.

This conclusion is consistent with the holdings of other judges of this Court who have been faced with accepted Rule 68, Fed. R. Civ. P., offers of judgment in the FLSA context. See Sanchez v. Burgers & Cupcakes LLC, 16 cv 3862 (Mar. 16, 2017)( Judge Caproni) (collecting cases); but see Baba v. Beverly Hills Cemetery Corp., 15 cv 5191(CM), 2016 WL 2903597, at *1 (May 9, 2016)(Chief Judge McMahon)(expressing concern over the perceived gap created by Rule 68).

Turning to this particular settlement agreement, it purports to release claims only to the extent "consistent with Cheeks." It is circular and begs the question of what Cheeks allows a party to do. As an example of appropriate release language, this Court has previously approved a FLSA settlement conditioned upon modification of the language to release only claims (1) relating to wages and hours, including those under FLSA, N.Y. Labor Law, N.Y. Code of Rules and Regulations or common law; (2) relating to retaliation for protected activity concerning wages or hours; (3) relating to the negotiation and execution of the Agreement and Release; or (4) asserted in the Action. Guzman v. Patsys Pizzeria, 15 Civ. 7220 (PKC) (Docket # 34) (Feb. 21, 2017).

Apart from the scope of the release, there is the additional issue of the fees to be awarded Hassan. Cheeks cited to undocumented fee awards between 40 and 43.6 percent of the total settlement as an example of "the potential for abuse" in FLSA settlements. 796 F.3d at 206. Here, the settlement agreement provides for three payments of $4,000 to Seck, totaling $12,000. Hassan is to receive three payments of $4,333, totaling $13,000 for fees and costs. (Docket # 20, Ex. 1 ¶ 2.)

In a letter to the Court of April 10, 2017, Seck challenged the fees to be awarded to Hassan.  (Docket # 21.)  Seck states that the fee award is inconsistent with Hassan's earlier oral representation that his fees would consist of one-third of any total award, a discrepancy that Seck claims to have realized only after he executed the settlement agreement and received his first settlement payment.  (Id. ¶ 6.)  Seck states: "I would request that Mr. Hassan to pay me the difference of $4,666.67 as per our original agreement."  (Id. ¶ 10.)

Hassan responded in a letter dated April 11, 2017, which "seriously dispute[s]" the communications described by Seck.  (Docket # 22 at 1.)  Hassan's letter notes that Seck executed the retainer agreement and the settlement agreement, both of which provided that Hassan's fees award could exceed the amount of plaintiff's damages award.  (Id. at 1-2.)  Hassan describes Seck as "a clever person who worked his lawyer, the defendant and the court to his advantage" and attributes Seck's understanding of the fee arrangement to a "faulty" recollection.  (Id. at 2-3.)

Hassan further states: "[I]n light of the fee dispute, I can no longer make any representations as to the reasonableness of the settlement on behalf of plaintiff – even though I do believe it is extremely fair and reasonable to plaintiff."  (Id. at 1.)  This statement is self-contradictory: Hassan states both that he believes that the settlement is reasonable but that he is unable to make any representation as to whether it is reasonable.  This doubletalk suggests that Hassan's position is taken in retribution against Seck for challenging his fees.  In essence, Hassan's view is that if he gets nothing, then neither should Seck.  This may well be a breach of a lawyer's duty of loyalty in placing the lawyer's interest above that of his client.  Further, while maintaining that he is entitled to full payment of the $13,000 fee award, the letter twice offers to

pay $4,333 "to the American Red Cross or some other non-profit organization selected by the Court" as an alternative to retaining the full fee award.  (Id. at 1, 5.)

Hassan asserts that attorney's fees paid by defendants are immune from judicial review.  (Docket # 20 at 2-4.)  He correctly notes that a fee-shifting statute awards fees to the plaintiff, not to the plaintiff's lawyer.  Venegas v. Mitchell, 495 U.S. 82, 89-90 (1990).  A party's contractual commitment to his or her attorney may require a payment that is higher than what a court may award as a reasonable fee under a fee-shifting statute.  But the very fact that the statutory fee award belongs to the plaintiff is the reason why the negotiated resolution of the award is subject to judicial review.

This settlement agreement provides for the defendants to directly pay Hassan's award of attorneys' fees.  In negotiating that agreement, Hassan negotiated with defendants on both Seck's behalf and on his own behalf.  The amount of a reasonable attorney's fee under the FLSA's fee-shifting scheme turns on the application of factors outlined in controlling precedent.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182 (2d Cir. 2008).  The amount Hassan is to be paid by defendants may or may not reflect the proper application of the Arbor Hill factors.  If it is overly generous to the attorney, it may affect the fairness and reasonableness of the payment to the client.  Thus, a review of the proposed attorneys' fees is central to determining whether the overall settlement is fair and reasonable to the plaintiff.

Judicial review of the entirety of the agreement between plaintiff and defendant, which, in this case, includes amounts to be paid to the plaintiff's attorney, ensures that the agreement is fair and reasonable to the plaintiff.  That is the purpose of a Cheeks review.

The settlement agreement in this case implicates many of the core concerns raised in <u>Cheeks</u>.  Its terms operate as a dismissal with prejudice, and includes both the release of all claims and a covenant not to reassert them in the future.  The attorney's fee award amounts to 52% of the overall settlement and is challenged by the plaintiff himself.  The Court's Order dismissing the action will be vacated.

CONCLUSION.

For the foregoing reasons, the Court's Order of December 15, 2016 approving the "Notice of Voluntary Discontinuance without Prejudice" is VACATED.  Counsel for the plaintiff, including specifically Abdul K. Hassan, and counsel for the defendants are directed to appear for a hearing in Courtroom 11D on May 18, 2017 at 2:30 p.m.

The Clerk shall transmit a copy of this Memorandum and Order to plaintiff Issa Seck who is invited to attend the May 18 hearing.

No later than May 11, 2017, Hassan shall file with the Court an affidavit or declaration listing all actions in this District for which he has been attorney of record subsequent to <u>Cheeks</u> that were dismissed without prejudice pursuant to Rule 41(a)(1)(A); he shall also state whether any consideration was paid to the plaintiff and whether the plaintiff released any FLSA claim against a defendant.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 8, 2017